STATE OF HAWAI'I, Plaintiff-Appellee,
v.
IVAN YUICHI SAKATA, also known as "hawaiikai_boy01," Defendant-Appellant.
No. 29157
Intermediate Court of Appeals of Hawaii
August 26, 2009.
On the briefs:
Taryn R. Tomasa, Deputy Public Defender, for Defendant-Appellant.
Albert Cook. Deputy Attorney General, for Plaintiff-Appellee.

>SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, FUJISE, and LEONARD, JJ.
Defendant-Appellant Ivan Yuichi Sakata, also known as "hawaiikai_boy01," (Sakata) appeals from the Judgment of Conviction and Sentence (Judgment) filed on April 14, 2008 in the Circuit Court of the First Circuit (circuit court).[1] A jury convicted Sakata of Electronic Enticement of a Child in the First Degree (EEC), in violation of Hawaii Revised Statutes (HRS) § 707-756 (Supp. 2007).
On appeal, Sakata contends (1) Plaintiff-Appellee State of Hawai'i (State) failed to adduce sufficient evidence to sustain the conviction, (2) the circuit court plainly erred by instructing the jury that the proper state of mind was "knowingly" for the underlying offenses of HRS §§ 707-730 (1) (b) (Supp. 2008) and 707-732 (1) (b) (Supp. 2008), and (3) the circuit court abused its discretion by admitting the May 11, 2007 video recording in violation of Hawaii Rules of Evidence (HRE) Rules 401, 402, and 403. Sakata asks this court to reverse the Judgment or vacate the Judgment and remand the case for a new trial.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Sakata's points of error as follows:
(1) The State provided sufficient evidence to sustain the EEC conviction. HRS § 707-756 provides in relevant part:
§ 707-756 Electronic enticement of a child in the first degree. (1) Any person who, using a computer or any other electronic device:
(a) Intentionally or knowingly communicates:
(iii) With another person who represents that person to be under the age of eighteen years;
(b) With the intent to promote or facilitate the commission of a felony:
(iii) That is an offense defined in section 846E-1;
agrees to meet with the minor, or with another person who represents that person to be a minor under the age of eighteen years; and
(c) Intentionally or knowingly travels to the agreed upon meeting place at the agreed upon meeting time,
is guilty of electronic enticement of a child in the first degree.
(Emphasis added.)
Sakata specifically asserts that there was insufficient evidence to show he had traveled to "the agreed upon meeting place at the agreed upon meeting time." The record establishes that Sakata and Ami agreed to meet at the Kahala Mall Starbucks on May 15, 2007 between 9:50 and 10:15 a.m. and that on May 15, 2007, between 9:20 and 10:15 a.m., Sakata traveled to the Kahala Mall Starbucks to meet Ami as planned.[2] The evidence, viewed in the light strongest for the State, substantially supports the circuit court's conclusion that Sakata traveled to "the agreed upon meeting place at the agreed upon meeting time," as required by HRS § 707-756.
(2) The circuit court did not plainly err by instructing the jury as to a "knowingly" state of mind for the underlying offenses of HRS §§ 707-730(1) (b) and 707-732(1) (b). The circuit court instructed the jury that: (1) "A person commits the offense of sexual assault in the first degree if... [the person] knowingly engages in sexual penetration with a minor who is less than 14 years old." HRS § 707-730 (1) (b) (emphasis added); and (2) "A person commits the offense of sexual assault in the third degree if... [the person] knowingly subjects to sexual contact another person who is less than 14 years old or causes another person who is less than 14 years old to have sexual contact with [the person]." HRS § 707-732 (1) (b) (emphasis added). Accordingly, the circuit court properly instructed the jury that the state of mind required for either underlying offense is "knowingly." That HRS § 707-756 requires "the intent to promote or facilitate the commission of a felony" (emphasis added)  in this case, sexual assault in the first or third degree  does not change the state of mind elements of the underlying offenses from "knowingly" to "intentionally" as Sakata contends.
(3) The circuit court did not abuse its discretion by admitting a video recording of Sakata and Ami's May 11, 2007 online conversation in which Sakata exposed his naked body via webcam. The circuit court found the video to be relevant to the issue of whether Sakata possessed the requisite "intent to promote or facilitate the commission of a felony" for purposes of HRS § 707-756 and not substantially outweighed by the danger of unfair prejudice.[3] The circuit court's decision does not clearly exceed the bounds of reason or disregard rules or principles of law or practice to the substantial detriment of a party litigant.[4]
Therefore,
IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on April 14, 2008 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Steven S. Aim presided.
[2] The testimonies of Detective Fujitani, Detective Brito, and Special Agent Kim and the taped statement of Sakata establish that on May 15, 2007, Sakata drove to Kahala Mall and parked in the parking structure between 9:20 and 9:40 a.m. and walked through and in front of Starbucks looking for Ami at around 10:00 a.m.
[3] The circuit court found:

[The video] is about two-plus minutes long. I looked at it yesterday afternoon where Mr. Sakata was exposing himself, and it is more than just him standing there and dropping his pants.
The Court is going to find that this is relevant. I think the prosecutor makes a good point that based on what is being charged in this case and the State has the heavy burden of trying to prove this matter, like in all cases, beyond a reasonable doubt, that they do have to show what his intent was in trying to communicate and what's in the statute, so I find that it's relevant; I find that in a careful [HRE] 403 balancing test that the probative value outweighs the danger of unfair prejudice.
[4] Any error with respect to the video would not have affected Sakata's substantial rights and would have thus been harmless beyond a reasonable doubt, where the testimonies of Detective Sunada, Detective Fujitani, Detective Brito, and Special Agent Kim, taped statements of Sakata, and exhibits of Sakata and Ami's online conversations provided substantial evidence for Sakata's conviction.